UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CARTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| FAMILY VIDEO MOVIE CLUB, INC. | ) |
| d/b/a FAMILY VIDEO | ) |
| | ) |
| Defendant. | ) |

1:12-cv-0108 TWP-MJD

## COMPLAINT FOR DAMAGES WITH JURY DEMAND

Plaintiff Michael Carter, by counsel, for his Complaint against Defendant Family Video Movie Club, Inc. d/b/a Family Video, states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12113, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1). This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. §12117(a).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Michael Carter ("Carter") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

4. Defendant Family Video Movie Club, Inc. d/b/a Family Video ("Family Video") is a for-profit corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 9250 West 10th Street, Indianapolis, Indiana 46234 and 7301 Rockville Road, Indianapolis, Indiana, 46214.

## FACTS

5. Carter's entire work history has been in the field of Customer Service.

6. Carter has ten years of experience working in the furniture delivery business, over four years experience working in the collection business, and two years of experience in the computer repair business.

7. Carter has also completed an internship at Teachers' Treasures and volunteered at Lucas Oil Stadium as a cashier.

8. Carter is a disabled individual, whose disability requires him to use a wheelchair.

9. In mid-January 2010, Carter went to Family Video Store #199 ("10th and Raceway Store"), located at 9250 West 10th Street, Indianapolis, Indiana, 46234 to apply for employment as a Customer Service Representative.

10. Upon asking for an application at the 10th and Raceway Store, the Store Manager, Phil Scott, told Carter that he was unable to apply because Scott needed someone who could change light bulbs.

11. Changing light bulbs in not an essential element of the Customer Service Representative position at Family Video.

12. Further, Carter could change light bulbs with a reasonable accommodation.

13. Then in February 2010, Carter applied online through Family Video's website, www.familyvideo.com, for employment as a Customer Service Representative at Family Video Store #245 ("Rockville Road Store"), located at 7301 Rockville Road, Indianapolis, Indiana, 46214.

14. The very next day after he applied online, Carter was contacted and scheduled for an in-store interview.

15. When Carter arrived for his interview and introduced himself to the Rockville Road Store Manager, Amanda Watson, Watson's mouth dropped in shock.

16. Watson escorted Carter to the stores's game room and proceeded to ask Carter a couple of personal questions in front of customers in the game room.

17. Watson carried the demeanor as if she had already made her decision – she was very short, kept kicking her foot, appeared extremely antsy, and exhibited an unprofessional nature.

18. Carter was not even given a chance to ask any questions about Family Video or the open position; the total interview lasted less than ten minutes.

19. Carter was given an abbreviated interview and was not offered the candidate test that most job applicants take.

20. Carter was denied a fair opportunity to present himself in a full-interview afforded to other candidates because of his disability.

21. Family Video did not hire Carter because of his disability.

## ADMINISTRATIVE PROCEDURES

22. On April 2, 2010, Carter filed a timely charge of disability discrimination against Family Video with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2010-01858. A true and accurate copy of the charge is attached hereto as Exhibit A.

23. The EEOC had jurisdiction over that charge for more than 180 days, and on October 26, 2011, it issued Carter a Notice of Right to Sue which was received on October 27, 2011. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit B.

24. Carter has ninety (90) days from the receipt of the Notices of Right to Sue, up to and including, January 25, 2012, to file his Complaint, which time has not passed.

## DISABILITY DISCRIMINATION

25. All preceding paragraphs are incorporated herein by reference.

26. Carter is an individual in a wheelchair and is an individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

27. Carter has a record of disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

28. Carter was a job applicant of Defendant within the meaning of the ADA, as amended by the ADAAA.

29. Family Video employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

30. Carter is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8).

31. Carter can perform the essential duties of the Defendant's Customer Service Representative position with reasonable accommodation.

32. Defendant engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when it refused to give Carter fair consideration for employment opportunities, refused to contemplate reasonable accommodation, and refused to hire Carter on account of his disability and perceived disability.

33. Defendant has engaged in discriminatory treatment of Carter on the basis of disability and has acted with malice or reckless disregard of Carter's rights as an disabled employee in violation of the ADA as amended by the ADAAA.

**WHEREFORE**, Plaintiff Michael Carter prays for the judgment of this Court against Defendant Family Video Movie Club, Inc. d/b/a Family Video as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff lost as a result of the Defendant's disability discrimination and failure to hire the Plaintiff.

B. An order directing the Defendant to hire the Plaintiff.

C. In the event that the Court determines that it would be inappropriate to direct the employment of the Plaintiff as an employee of the Defendant, an award of damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied employment with the Defendant.

D. An award of compensatory damages in an amount to be determined by a jury to make Plaintiff whole for the mental anguish, emotional distress, exacerbation of his illness, and other non-pecuniary damages that Plaintiff has suffered because of Defendant's unlawful conduct.

E. An award of punitive damages in an amount to be determined by a jury to punish Defendant for its unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct.

F. An award of attorney's fees and costs.

G. Such other relief as may be just and proper.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff Michael Carter

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

MACEY SWANSON AND ALLMAN

_____
Barry A. Macey, Atty No. 8964-49
Quincy E. Sauer, Atty No. 27320-49
Attorneys for Plaintiff Michael Carter

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: qsauer@maceylaw.com